KRONSTADT, District Judge,
concurring:
I agree with my colleagues that because North East had unclean hands, it is not eligible to receive the equitable relief it requests. That is a sufficient, independent basis to affirm the decision of the district court. I write separately because I also agree with the conclusion of the district court that the claims presented by North East are barred by the Eleventh Amendment. That conclusion is based on my view that the date of service test should be applied in determining the potential liability of a state to make reimbursements under Medicaid.
Under the date of service test, “whether relief is prospective or retrospective in the Medicaid payment context turns on the date of service, not the date of payment.” Indep. Living Ctr. of S. California, Inc. v. Maxwell-Jolly, 572 F.3d 644, 661 n.19 (9th Cir. 2009), vacated on other grounds sub nom. Douglas v. Indep. Living Ctr. of S. California, Inc., 565 U.S. 606, 132 S.Ct. 1204, 182 L.Ed.2d 101 (2012). “Therefore, an order enjoining payment reductions for services that had been delivered ... is retroactive.” Id. The basis for the test is the principle that healthcare providers’ “liability accrues—and therefore any injury due to inadequate reimbursement in the future occurs—on the date of service.” N.Y. City Health & Hosps. Corp. v. Perales, 50 F.3d 129, 136 (2d Cir. 1995). Under the test, any alleged injury to North East would have occurred in 2008, and would not be ongoing.
The date of service test focuses on the question “whether a particular service underlying a claim was reimbursable at a *617 particular rate.” Id. at 137. “[T]he rate established for the service provided is the rate applicable on the date of service, regardless of an increase or decrease in that rate at the time the claim is processed.” Id. Here, the relief North East requests— an injunction that would prevent the state from deducting Medicare Part D payments from Medicaid reimbursement to' North East—could result in a retroactive increase in the rate of reimbursement to which the parties had agreed for services that North East provided in 2008.[1]
I agree that North East is not seeking any further accounting or reconciliation processes. However, this is not “a situation in which state officials are being told in effect to leave the plaintiff alone,” which is consistent with Ex Parte Young. Wisc. Hosp. Ass’n v. Reivitz, 820 F.2d 863, 867 (7th Cir. 1987). Instead, under the date of service standard, by refusing to participate in the accounting and reconciliation process and seeking to enjoin it, North East is seeking monetary relief from the state. That relief is in the form of any amount that the state paid that exceeded the agreed upon rates for services rendered in 2008, and to which it would be entitled to a credit. Thus, North East is requesting that the court “order funds paid from the state treasury to provide higher payment for services,” which is “beyond [the court’s] authority because of the limitation of its power under the Eleventh Amendment.” Perales, 60 F.3d at 137; see also Wisc. Hosp. Ass’n, 820 F.2d at 867 (concluding that the Eleventh Amendment barred recovery for hospitals that “rendered services to Medicaid patients for which they want to be paid at a higher rate than the state wants to pay them”).
It is of no'consequence to the Eleventh Amendment analysis that the payments by the state would be effected through an accounting and reconciliation process in which a retroactive calculation is made of the net amount owed to North East for the many services that it provided during 2008. To hold otherwise would elevate the form of the payment process over its substance. Perales, 50 F.3d at 133 (“the submission, verification and payment of claims are administrative formalities necessary to receive payment on a liability that has already accrued”).

. If North East believed that a later reconciliation would not result in a credit to the state for some portion of the payments North East had received for past services, its pursuit of injunctive relief would not make sense.